**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| LARA BELLISSIMO, individually and on behalf of similarly situated individuals, | ) ) ) |
| *Plaintiff*, | ) No. ) |
| v. | ) ) |
| BVAA COMPASS BANCSHARES, INC., a Texas corporation, COMPASS BANK D/B/A BBVA COMPASS, an Alabama banking corporation, | ) ) ) ) ) |
| *Defendants.* | ) ) |

## COMPLAINT

Plaintiff Lara Bellissimo, individually and on behalf of other similarly situated individuals, brings this class action complaint against Defendants BBVA Compass Bancshares, Inc. and Compass Bank d/b/a BBVA Compass (collectively, "BBVA") to stop Defendants' practice of placing unauthorized telephone calls to consumers, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by her attorneys.

### INTRODUCTION

1. In a misguided effort to collect overdue debt from consumers, Defendants, operators of financial institutions in several states across the United States, violated federal law by making unauthorized telephone calls using a prerecorded or artificial voice ("robocalls") to the telephones of individuals throughout the country.

1

2. By effectuating these unauthorized debt collection calls, Defendants have violated the called parties' statutory rights and have caused the call recipients actual harm, not only because the called parties were subjected to the aggravation and invasion of privacy that necessarily accompanies unsolicited automated calls – particularly calls using a prerecorded or non-human artificial voice – but also because the called parties, like Plaintiff, must frequently pay for the calls they receive or incur a usage allocation deduction from their calling plans, notwithstanding that the calls were made in violation of specific legislation on the subject.

3. In order to redress these injuries, Plaintiff, on behalf of herself and two nationwide classes brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"), which protects the privacy right of consumers to be free from receiving unsolicited automated telephone calls.

4. On behalf of the classes, Plaintiff seeks an injunction requiring Defendants to cease all unauthorized prerecorded or artificial voice calls, and an award of statutory damages to the members of the classes, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff is a resident and citizen of the state of Illinois and has continuously resided in this District for years, including throughout the relevant time period.

6. Defendant BVAA Compass Bancshares, Inc., owns financial institutions throughout the United States, including Defendant Compass Bank, and is incorporated in the state of Texas.

7. Defendant Compass Bank operates banks throughout the United States as a subsidiary of Defendant BVAA Compass Bancshares, Inc., and is incorporated in the state of Alabama.

## JURISDICTION AND VENUE

8. This court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff resides in the Northern District of Illinois, and because a substantial part of the events concerning the conduct at issue occurred in this District, as the unauthorized prerecorded and/or artificial voice calls were received by Plaintiff's cellular telephone while Plaintiff was located and resided in this District.

## COMMON ALLEGATIONS OF FACT

10. BVAA is a nationwide provider of banking services such as checking and savings accounts.

11. As an ordinary business practice, BVAA collects the telephone numbers of its customers following the opening of an account at its banks. Such numbers are then used going forward as part of BVAA's automated calling operation for collection and solicitation purposes.

12. Upon information and belief, these automated calls, including the calls made to Plaintiff, were placed *en masse* using both "predictive dialing" technology, which automatically places calls without human intervention until the called party answers the call, at which time such automatic dialer attempts to connect the called party with a human representative, as well as prerecorded or artificial voice messages, which simply relay a message to the called party, even if the called party, as is the case here, was not the intended recipient of the call.

13. In an attempt to reduce costs associated with maintaining its automated calling operation, BVAA spurns any procedures necessary to confirm that the telephone numbers to

which BVAA places robocalls actually belong to the customers who have supposedly provided them to Defendants.

14. As a consequence, many of the telephone numbers BVAA receives or attempts to reach in connection with its automated calling operation are inaccurate, or have become inaccurate, and result in BVAA routinely placing robocalls to individuals who never provided consent to be called by Defendants.

15. In addition to being an aggravating invasion of privacy, unsolicited automated telephone calls can actually cost recipients money because called parties such as Plaintiff must frequently pay their cellular telephone service providers for the calls they receive or incur a usage deduction to their cell phone plan, regardless of whether the call is authorized.

16. For example, on numerous occasions during the relevant time period, Plaintiff received calls on her cell phone placed on behalf of Defendants from phone number (800) 526-4172—a phone number associated with Defendants' automated calling operation. When Plaintiff answered some of these calls she was eventually automatically connected to a representative for Defendants who would come on the line and ask for a "John Kim." Because Plaintiff has never known or had any connection of any kind with a "John Kim," Plaintiff would reply that there was no "John Kim" at Plaintiff's number and ask that Defendants stop calling her cellular telephone number.

17. On other occasions when Plaintiff answered the calls or let them go to her voicemail, a prerecorded or artificial voice would announce a message asking Plaintiff to call BBVA back in an apparent attempt to collect a debt from the intended recipient.

18. Plaintiff is not now, nor ever has been, a customer of BBVA.

19. Plaintiff received these unwanted and unsolicited robocalls and prerecorded or artificial voice calls approximately every other day over the past several months preceding the filing of this complaint. The unauthorized robocalls placed by BBVA invaded Plaintiff's privacy, forced her to spend hours investigating their source, and repeatedly interfered with her use of her cellular telephone over a matter of months.

20. At no time did Plaintiff provide BBVA with consent to place any telephone calls, including any calls made through an automatic telephone dialing system or using a prerecorded or artificial voice, to her cellular telephone number.

21. Furthermore, Plaintiff continued to receive the unauthorized robocalls even after Plaintiff asked BBVA's call agents to stop placing any further calls to her number.

## CLASS ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and the following classes (together, the "Classes") defined as follows:

(i) The Called Party Class: All persons in the United States and its territories who, within four years prior to the commencement of this litigation, received one or more telephone calls on their cellular telephone from BBVA featuring a prerecorded or artificial voice where the called party was not the same individual who, according to BBVA's records, provided the phone number to BBVA;

(ii) The Revocation Class: All persons in the United States and its territories who, within four years prior to the commencement of this litigation, received one or more telephone calls on their cellular telephone from BBVA featuring a prerecorded or artificial voice after communicating to BBVA, as shown by BBVA's records, that BBVA did not have consent to make any such calls to that telephone number.

23. Upon information and belief, there are hundreds, if not thousands, of members of the Classes such that joinder of all members is impracticable.

24. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

25. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Classes.

26. BBVA has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making injunctive or corresponding declaratory relief appropriate for the Classes as a whole.

27. The factual and legal bases of BBVA's liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to the Plaintiff and to all of the other members of the Classes. Plaintiff and the other members of the Classes have all suffered harm and damages as a result of BBVA's unlawful and wrongful conduct.

28. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions that may

affect individual members of the Classes. Common questions for the Classes include, but are not limited to, the following:

  a. Whether BBVA made automated calls featuring a prerecorded or artificial voice message;

  b. Whether BBVA made automated calls featuring a prerecorded or artificial voice message to individuals who did provide prior express consent to BBVA to receive such calls;

  c. Whether BBVA systematically continued to place calls using a prerecorded or artificial voice to persons who communicated to BBVA that they did not consent to receive such calls from BBVA;

  d. Whether the calls made by BBVA using a prerecorded or artificial voice violated the called parties' respective rights to privacy;

  e. Whether BBVA's conduct violates the TCPA;

  f. Whether Plaintiff and the members of the Classes are entitled to damages and injunctive relief; and

  g. Whether BBVA's conduct in violation of the TCPA was willful such that the members of the Revocation Class are entitled to treble damages.

29. BBVA has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making injunctive or corresponding declaratory relief appropriate for the Classes as a whole.

## COUNT I
**Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.)**
**on behalf of the Classes**

30. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

31. BBVA made unauthorized and unsolicited telephone calls featuring a prerecorded or artificial voice without prior express consent to the cellular telephone numbers of Plaintiff and the other members of the Classes.

32. BBVA has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

33. As a result of BBVA's illegal conduct, the members of the Classes have had their privacy rights violated, have suffered statutory and actual damages, and, under 47 U.S.C. § 227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

34. To the extent the Court should determine that BBVA's conduct was willful and knowing for those persons who expressly informed BBVA that they were not the intended recipient or revoked consent to be called, the Court may, pursuant to §227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Revocation Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the proposed Classes, respectfully requests that this Court enter an Order:

   a. Certifying the Classes as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

   b. Declaring that BBVA's actions, as set forth herein, violate the TCPA;

    c. An award of statutory damages;

    d. An injunction requiring BBVA to cease all unauthorized automated telephone activities;

    e. An award of reasonable attorney's fees and expenses of litigation; and

    **f.** Such further and other relief as the Court deems just or equitable;

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: September 21, 2017

Respectfully Submitted,

LARA BELLISSIMO, individually and on behalf of classes of similarly situated individuals

By: /s/ Eugene Y. Turin
      One of Her Attorneys

Myles McGuire
Evan M. Meyers
Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
emeyers@mcgpc.com
eturin@mcgpc.com

*Attorneys for Plaintiff and the Putative Classes*